UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFF A. NEWMARK,

        Plaintiff,

v.                                             Case No. 6:16-cv-1607-Orl-37KRS

TRULY NOLEN OF AMERICA, INC.,
a/k/a TRULY NOLEN EXTERMINATING,
INC., a foreign corporation to do
business in the State of Florida,

        Defendants.

_____

**CONFIDENTIALITY AND PROTECTIVE ORDER**

WHEREAS having found that the scope of discovery may include the disclosure of confidential information, and to avoid the risk of injury or harm as result of disclosure of this information outside this litigation, and otherwise having found good cause for the entry of this Confidentiality Stipulation and Protective Order (the "Protective Order") concerning the disclosure of this information, the Court Orders the following:

1.    This Protective Order governs the treatment of documents, tangible items, deposition testimony and transcripts, exhibits to depositions, interrogatory answers, responses to requests for admissions, and any written, recorded, graphic, or electronically stored information, including all copies, excerpts, abstracts, summaries thereof, and all information derived therefrom (collectively, "Discovery Material"), disclosed or produced by any party, non-party, or natural person throughout the course of the discovery process in this action, up through the date of trial.

2. Any party may designate any Discovery Material as "CONFIDENTIAL" if the designating party reasonably believes that the Discovery Material constitutes or contains:

    a. Trade secrets or other confidential research, development, or other commercial information that has economic value from not being generally known, that has been the subject to reasonable efforts to maintain its confidentiality, and that the disclosure of which is likely to result in a clearly defined and serious injury to the designating party; or

    b. Information that is required to be kept confidential pursuant to a rule, statute, regulation, contract, or court order.

3. Any Discovery Material that constitutes or contains confidential ~~or personal business~~ information [as defined herein KRS] should be conspicuously designated as "CONFIDENTIAL" at the time the Discovery Material is disclosed, or as soon as a party becomes aware that the Discovery Material contains confidential information, in accordance with the following procedure:

    a. For all documents, the designating party must make an appropriate designation by stamping or labeling each page of the document that constitutes or contains confidential information with the designation "CONFIDENTIAL."

    b. For all electronically stored information, the designating party must make an appropriate designation by stamping or labeling the media on which the material is produced with the designation "CONFIDENTIAL." If the media contains both confidential and non-confidential information, the designating party must give each party written notice as to what electronically stored information contained on the media should be treated in accordance with the designation.

2

  c. For all transcripts that contain testimony, the designating party must make an appropriate designation: (i) by a statement on the record as to what testimony should be designated as "CONFIDENTIAL;" or (ii) within ten (10) court days after receipt of the transcript of the testimony, by giving written notice to each party as to what testimony should be designated as "CONFIDENTIAL." The parties shall treat all transcripts that contain testimony as "CONFIDENTIAL" until the expiration of ten (10) court days after the parties' receipt of the transcript.

4. Once any Discovery Material has been designated as "CONFIDENTIAL" ("Designated Material"), the Designated Material may only be used in connection with this lawsuit and may only be disclosed to persons in accordance with the terms of this Protective Order. All persons who are entitled to receive any Designated Material, as further provided herein, shall use the Designated Materials in strict accordance with the terms of this Protective Order.

5. Discovery Material that has been designated as "CONFIDENTIAL" shall not be disclosed to <u>any person</u>, except:

  a. a party to this lawsuit;

  b. counsel for a party, and the employees of such counsel to whom it is necessary that the information be disclosed for purposes of this litigation only;

  c. the Court, including any court of appellate jurisdiction, court personnel, court reporters, or other personnel assisting a court, provided, however, that a party may move in accordance with applicable rules and law to have such Discovery Material filed under seal;

  d. any witness during a deposition or hearing;

  e. any neutral engaged by the parties for purposes of mediation or arbitration;

  f. any consultant or expert engaged by a party for the purpose of assisting in the preparation of this litigation;

  g. any person who was involved in the preparation of the document or information, or has received the document or information;

  h. any such other person as hereafter may be designated by written agreement of the parties, or by Order of the Court.

If disclosure of any Discovery Material designated as "CONFIDENTIAL" is made to any person identified within paragraphs 5(a), (d), (e), (f), (g) or (h), the disclosing party must first obtain from such person, prior to the disclosure of any such material, a written statement in the format attached as Appendix "I" hereto, that such person agrees to be bound by this Protective Order. Counsel for the disclosing party shall maintain a list of all such persons along with the written agreement of each person. The list and each written agreement shall be made available to the parties' counsel upon request.

  6. Any person not entitled to receive Designated Material under the terms of this Protective Order shall be excluded from the room at any deposition during the time when such information is being disclosed, and shall not be permitted to obtain or review any portion of a deposition transcript where a confidentiality designation has been made.

  7. If any party inadvertently fails to designate Discovery Material as "CONFIDENTIAL," the failure may be corrected by delivering written notice to the parties' counsel of the inadvertent failure to designate, with substitute copies of the Discovery Material appropriately designated. Within three (3) business days of receipt of the substitute copies, the receiving party shall return the original copies. A failure to designate at the time disclosure of Discovery Material is made shall not operate as a waiver of designation.

8. If materials marked as "CONFIDENTIAL" are disclosed to any person other than in the manner authorized herein, the party responsible for the disclosure must immediately bring all pertinent facts relating to the disclosure to the attention of all other parties, and without prejudice to other rights and remedies of the designating party, shall make every effort to prevent further disclosure of the Discovery Material to any person(s) not entitled to receive the material.

9. A party's use of its own confidential material shall not constitute a waiver of any confidentiality designation made to that material in accordance with this Protective Order.

10. Nothing herein shall be deemed to restrict in any manner a party's use or treatment of: (i) its own documents or materials; (ii) documents or materials that are already in its possession, or which have been obtained through a method independent from this lawsuit; or (iii) documents or materials that are publically available.

11. Evidence of the existence or nonexistence of a designation under this Protective Order is not admissible for any purpose, and neither the designation nor the acceptance of any designation shall constitute an admission or acknowledgement that the material so designated is in fact confidential. Nothing in this Protective Order shall be construed to affect the admissibility of any document, testimony or other evidence at a hearing or trial.

12. This Protective Order and the procedures set forth herein shall not affect the rights of the Parties to object to discovery on any grounds, nor shall it relieve a party of the necessity of properly responding or objecting to any discovery request, nor shall it preclude any party from seeking further relief from the Court as may be appropriate under the rules of evidence, civil procedure or any other statute, rule or authority.

13. Within thirty (30) days from the conclusion of this lawsuit and the exhaustion of all appeals, all documents that have been designated as "CONFIDENTIAL" and all copies of the same, shall be returned to the producing party, or destroyed. In the event that a party elects

destruction, that party shall certify to all other parties his/her/its election and shall confirm: (i) that it has destroyed all designated materials; (ii) the date on which destruction occurred; and (iii) the method by which destruction occurred. This paragraph shall not apply to documents that are exempted from this paragraph by agreement, voluntary removal, or Court Order.

      14.    This Protective Order is binding on all parties to this action, their counsel, and all third parties who may view or receive Designated Material through the procedure herein.

IT IS SO ORDERED

12/13/16
Date

*Karla R. Spaulding*
U.S. Magistrate Judge

# APPENDIX I

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JEFF A. NEWMARK,

        Plaintiff,

v.                                    Case No. 6:16-cv-1607-Orl-37KRS

TRULY NOLEN OF AMERICA, INC.,
a/k/a TRULY NOLEN EXTERMINATING,
INC., a foreign corporation to do
business in the State of Florida,

        Defendants.
_____/

I hereby certify that I have read the Protective Order entered in the above-captioned litigation. I hereby agree to be bound by the terms of the Protective Order and to submit personally to the jurisdiction of this Court for purposes of enforcing my agreement to be bound by the terms of the Protective Order.

I hereby agree that I will use any documents or other material designated as "CONFIDENTIAL" for the sole and limited purposes of preparation for and trial of the above-captioned litigation.

_____      _____
(Signature)                                          (Printed name)

_____      _____
(Street)                                              (City, state, zip code)

_____
(Telephone)

Dated: _____

27821245.1